FITZGERALD v. ST. GEORGE.

(Supreme Court, Appellate Term.    June 3, 1908.)

LANDLORD AND TENANT—HOLDING OVER AFTER TERM.

Evidence *held* to show a wrongful holding over by a tenant after the expiration of his term.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 284–287.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Mary Fitzgerald, as executrix of the last will and testament of James M. Fitzgerald, against Henry V. St. George. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

See 107 N. Y. Supp. 1127.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Isaac Fromme and Isidor Wels, for appellant.
August P. Wagener, for respondent.

GIEGERICH, J.    The evidence as to holding over is much more detailed and satisfactory than on the former trial, and shows many additional facts.    Before the testimony offered on behalf of the plaintiff consisted of only two or three pages, and the only things shown to have been left on the premises at the expiration of the leasehold term (viz., on October 1, 1906) were certain bales of paper in the basement; and the testimony on behalf of the defendant was given, and left uncontradicted, that efforts were made to move them out, but admission to the elevator could not be secured in time.    On the present trial it is shown that, in addition to the bales of paper, there were various empty cases, and also shelving, or boxes used as such, remaining.    Before there was nothing to show that any of these various things were left longer than until the 6th or 7th of October at the latest.    This time it appears that they were not removed until the 12th, and in fact that some of the things were not sold by the defendant to Chein, the man who purchased and moved them away, until the 5th or 6th of October.    The keys of the premises were retained by the defendant until October 14th.    On the 1st of that month they were offered to the engineer of the building, but he refused to receive them.    Meantime considerable quantities of bales of goods and empty cases, etc., the latter of which were subsequently sold by the defendant, were left on the premises.    Besides this, the defendant entered in the same interval and removed pipes.

I have found no case in the books where such substantial uses of the demised premises for so long a time have been held not to constitute a holding over.    In McCabe v. Evers (City Ct. N. Y.) 9 N. Y. Supp. 541, it was held that where a tenant moved out before May 1st, leaving behind a stove and some rubbish, and tendered the keys on May 2d, it was error to direct a verdict for the landlord, and that the question of whether there was a wrongful holding over should have been left to the jury.    In Manley v. Clemens (City Ct. N. Y.) 14 N. Y. Supp.

Ct. 366, the term expired at noon on February 2d. The tenant's goods were not out until midnight of that day, and even then a desk and safe were allowed to remain until the next day. The court held that the verdict of the jury in favor of the tenant was a just one.

In the present case the use made of the demised premises by the tenant was of such a substantial character and was so long continued that it cannot be disregarded, especially as there is no evidence in this record of any excuse for such continued use by the tenant of the landlord's property. The case for the plaintiff, as now presented, is decidedly stronger than when the case was formerly before this court, and, in my judgment, clearly shows a holding over and falls well within the rule laid down in Oussani v. Thompson, 19 Misc. Rep. 524, 43 N. Y. Supp. 1061, and the authorities therein cited.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

